THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARK C. MELTON, Defendant-Appellant.

Fourth District   No. 4—91—0819

Opinion filed June 30, 1992.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

John Turner, State's Attorney, of Lincoln (Norbert J. Goetten, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On September 24, 1991, following a jury trial in the circuit court of Logan County, defendant Mark C. Melton was convicted of residen-

tial burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—3(a)). He was subsequently sentenced to a term of 10 years' imprisonment.

On appeal, defendant maintains (1) the prosecutor committed reversible error by telling the jury it was defendant's duty to call non-alibi witnesses, and (2) the State failed to prove him guilty beyond a reasonable doubt. We affirm.

Terry Crutcher testified at trial as follows: (1) on April 29, 1991, he resided at 113 Stringer in Lincoln, Illinois, with Valerie Condie; (2) they left the residence at 9 p.m. on that day and returned at 11 p.m. to find the screen on the kitchen window had been removed, and the window was wide open; (3) his stereo, tools and toolbox, a pair of boots, and a television remote control were missing; (4) he did not give anyone permission to open the window and remove these items; (5) on May 4, 1991, he saw defendant walking near Crutcher's apartment carrying one of Crutcher's stereo speakers; (6) Crutcher confronted defendant and saw the rest of his stereo in the trunk of defendant's car; (7) he said defendant told him he had bought the stereo from someone else, and he was going to sell it; (8) three other individuals who were with defendant then went into an adjacent apartment building and brought out the boots, the toolbox and some of the tools; and (9) defendant suggested that Crutcher call the police to get the matter straightened out, and defendant waited until the police arrived. Crutcher testified on redirect that when he first saw defendant with the speaker, defendant appeared to be trying to conceal the speaker. He said the speaker was wrapped up, and defendant "scurried" by the apartment.

Valerie Condie testified that she saw defendant outside their apartment on May 4, 1991, with the stereo. She said defendant indicated he had purchased the stereo from someone else.

Detective John Combs then testified as follows: (1) on May 5, 1991, defendant told him he had purchased the stolen items from "John Persale" for $120; (2) defendant produced a bill of sale for the items dated May 2, 1991, and signed by "John Persale"; (3) on May 7, 1991, Combs spoke to a "Johnnie Parcelle" and asked if he had seen defendant within the previous two weeks; (4) Parcelle told Combs he had not seen defendant for six months and had not sold the stolen items to defendant; (5) Parcelle then signed his name, and Combs compared the signatures to the handwriting on the bill of sale; and (6) the signatures showed the names on the two documents were spelled differently. Combs testified on cross-examination that there were no fingerprints or personal items linking the defendant with the burglary,

and he had no way to identify Parcelle as the person defendant said had sold him the property other than the similarity of names.

Johnnie Parcelle testified he was an acquaintance of defendant, did not sell him any items on May 2, 1991, and did not sign a bill of sale indicating he had.

Thomas Estep testified he was a document examiner for the Illinois State Police. He said the writing on the bill of sale was awkwardly written in an "unnatural" style. He said writing samples produced by defendant appeared to be disguised, based upon frequent changes in speed and slant. He said the writing samples from Johnnie Parcelle were "freely written" and could not be associated with the writing on the bill of sale. Finally, Estep testified he could not say that defendant was the person who wrote the bill of sale or signed the name "John Persale."

Defendant testified as follows at trial: (1) he was 27 years old and had previous theft convictions; (2) he obtained possession of the items described by Crutcher on May 2 or 3; (3) he wrote the entire bill of sale, except for the signature, because he was on parole and did not want to get into trouble for being in possession of items he could not prove were his; (4) he paid a total of $100 for the items; (5) he met John Persale at a party at defendant's apartment, and Persale asked if defendant wanted to purchase the items; (6) defendant did not know the items were stolen; (7) when he was transporting the stereo, he did so in open view during daylight hours; (8) he was going to sell the stereo because it was "somebody's" birthday, and he needed the money; (9) the John Parcelle who was in the courtroom was not the John Persale who sold the items to defendant; and (10) the police never asked him to describe John Persale.

During the rebuttal portion of closing argument, the assistant State's Attorney argued as follows:

"We put on the evidence that's available. The defendant says through his attorney that we didn't fingerprint, and we didn't find a foot mark, and I should have done that for you. Well, you know what is lacking in this case is not something that the State didn't do. The defendant says there is a John Persale who works in Lincoln in a bakery who he has met only twice, once at a party. Doesn't know how he got there. That person is here in Lincoln working in a bakery. Where is he?"

Defendant's objection to the statement as an attempt to shift the burden of proof to him was overruled. The State then argued:

"The State didn't say that there was a John Persale, P-e-r-s-a-l-e. The defendant says that. That witness has not testified.

That's not evidence. You don't decide the case on evidence that isn't before you. You decide it upon what is before you on the evidence that was presented. He interjected his mom in the case. She's not here to testify about the party where this sale took place. She could have come in and said about the party. I didn't interject her in the case."

Defendant's objection was again overruled.

Defendant argues on appeal the prosecutor's comments that it was defendant's duty to have called John Persale and his mother as witnesses constituted reversible error. Defendant notes the Illinois Supreme Court has found a prosecutor's comment on a defendant's failure to call a nonalibi witness is improper where there is no showing that he was not equally available to both parties. (*People v. Beller* (1979), 74 Ill. 2d 514, 526, 386 N.E.2d 857, 862.) In *People v. Munday* (1917), 280 Ill. 32, 42, 117 N.E. 286, 293, the court also noted it was improper for the State to comment unfavorably on the defendant's failure to produce a witness equally accessible to the State, because such remarks unfairly tend to shift the burden of proof to the accused. Here, however, the witnesses, about whom the State commented, were clearly far more accessible to the defense than the State and would have been alibi witnesses.

In *People v. Adams* (1985), 109 Ill. 2d 102, 485 N.E.2d 339, the defendant stated he was in a store buying a bottle of vitamin E prior to the time the proprietor was robbed and killed. He said he left the bottle at the home of Shirley McClaine. Defendant did not call her as a witness to corroborate this statement, and the prosecutor commented on the failure of the defense to produce McClaine. The supreme court said her testimony was important to defendant's defense, and assumed that locating her was under defendant's control or within his knowledge. The court found it was not error for the prosecutor, under the circumstances, to comment on the nonproduction of McClaine.

■ Here, presumably, John Persale could have testified that he sold the stolen items to defendant. This was a material fact vital to defendant's defense. Defendant claimed Persale worked at a bakery in Lincoln and was not the Johnnie Parcelle produced by the State. Defendant claimed to have had dealings with Persale on two occasions: once when they met at defendant's mother's apartment and defendant made down payment on the stolen items, and again a few days later when Persale returned to retrieve the remainder of the $100 purchase price. The only information the State had was that "Persale" worked in a bakery in Lincoln. The State had no descrip-

tion of Persale and had not been told the name of the bakery or where it was located. This is insufficient to say the State had equal access to this witness.

Since Persale could have testified to a material fact within his knowledge, and defendant could more easily have been able to discover his whereabouts, the State properly commented on defendant's failure to call him.

In *People v. Kubat* (1983), 94 Ill. 2d 437, 447 N.E.2d 247, the court noted defendant's failure to call a witness or bring in evidence within his control in explanation or refutation, is " 'a circumstance entitled to some weight in the minds of the jury, and, as such, is a legitimate subject of comment by the prosecution.' " *Kubat*, 94 Ill. 2d at 497, 447 N.E.2d at 274, quoting *People v. Blakes* (1976), 63 Ill. 2d 354, 359-60, 348 N.E.2d 170, 174.

Finally, defense counsel argued in closing that defendant testified he had purchased the items and had a bill of sale to prove it. In *People v. Parker* (1976), 40 Ill. App. 3d 597, 352 N.E.2d 394, the defense attorney argued in closing that the manager of an apartment building would corroborate defendant's testimony that he saw the victims carrying stolen items out of the building. The prosecutor in rebuttal questioned why the defendant did not bring the manager in to testify. The court said there was no error in overruling a defense objection to this remark, stating, "[a] defense attorney cannot provoke a reply to his own improper argument and then claim error." (*Parker*, 40 Ill. App. 3d at 605, 352 N.E.2d at 402.) Defendant's implication here that John Persale would corroborate his version of how he came into possession of the stolen property invited the State to question why defendant did not call him as a witness. There was no error in the prosecutor's comment.

The prosecutor's comment as to defendant's mother was also proper, because she, too, would have testified to a material fact and was not equally accessible to the State. She could have testified concerning the party held at her apartment at which defendant allegedly purchased the stolen items. Although defendant stated she did not witness the actual sale, she could have verified that the party took place, which would have made the possibility of a sale more likely. Defendant did not offer any other evidence of who was at the party.

Moreover, a witness is not equally available if she is likely to be biased against the State, for example, if that witness is related to the defendant. (*People v. Enoch* (1989), 189 Ill. App. 3d 535, 550, 545 N.E.2d 429, 440.) In *Enoch*, the court concluded any comment by the prosecutor on the defendant's failure to call his mother and brother to

testify was proper since they were not equally accessible to the State because they were likely biased against the State. Here, similarly, defendant's mother was not equally available to the State because she was likely to be biased against it.

■ Defendant next argues he was not proved guilty beyond a reasonable doubt. The recent and exclusive possession of items stolen in a burglary, without reasonable explanation, allows the jury to infer defendant's guilt of burglary. The inference is permissible if (1) there is a rational connection between his recent possession of property stolen in a burglary and his participation in the burglary; (2) his guilt of burglary is more likely than not to flow from his recent, unexplained and exclusive possession of burglary proceeds; and (3) there is evidence corroborating the inference. *People v. Housby* (1981), 84 Ill. 2d 415, 424, 420 N.E.2d 151, 155; *People v. Klein* (1983), 115 Ill. App. 3d 582, 585, 450 N.E.2d 1268, 1270.

Here, the inference of guilt was permissible, because defendant's explanation that he had purchased the stolen property could easily have been found by the trier of fact to be incredible and indicative of dishonesty.

Defendant testified he purchased the property from "John Persale" three days after the burglary and was caught with the items two days later. According to police detective John Combs, defendant told Combs he purchased the items for $120, but he testified at trial he paid $100. Defendant did not produce John Persale to verify his signature on the alleged bill of sale or to testify he had sold the items to defendant. The entire theory concerning the bill of sale was fraught with suspicion and the jury was entitled to reject it.

Moreover, defendant's testimony was inconsistent in other respects as well. At one point he said he only met Persale once, but also said he paid Persale part of the total purchase price during the sale, and Persale came back later to get the rest of the money. He also stated he made the purchase on May 2, and Persale returned a week later for the rest of the money. However, defendant was arrested on May 4. Finally, defendant said he kept the items for "at least 3 or 4 days" after he bought the items before deciding to sell them.

The jury could have inferred, from defendant's testimony, that (1) defendant's possession of the stolen property resulted from his participation in the burglary; (2) the defendant's use of a bill of sale to "prove" his rightful possession to the stolen property was further evidence of his guilt of the burglary; and (3) the corroborating circumstances supporting the inference that defendant participated in the burglary included defendant's suspicious explanation of how he came

to be in possession of the stolen property. In *Housby*, the court indicated sufficient corroboration is presented "where the defendant himself presents an explanation of possession that the jury reasonably finds to be false." *Housby*, 84 Ill. 2d at 430-31, 420 N.E.2d at 158.

The determination of the credibility of the witnesses, the weight to be given to their testimony and the inferences to be drawn therefrom are exclusive functions of the jury. The jury's determination of guilt should not be disturbed on review where, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.

Here, defendant's testimony was inconsistent in many respects, and the jury could have concluded his explanation was false. Accordingly, for the reasons stated, the decision of the trial court is affirmed.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.